IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ISADORE BUTLER BANKS, II | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:05cv01324 SWW |
| | * | |
| | * | |
| | * | |
| UNITED STATE POSTAL SERVICE, | * | |
| | * | |
| Defendant. | * | |

**Memorandum Opinion and Order**

Before the Court is defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) to which plaintiff responded. For the reasons stated, the motion is granted.

**Background**

Plaintiff brings this action alleging his rights as a human being have been violated "according to the Constitution of the United States of America and the United Nations." He sues the United States Postal Service ("USPS") for actions taken in connection with his claim for workers' compensation benefits . In 1991, while working as a letter carrier, plaintiff was injured on the job in an accident, and received workers' compensation benefits for that injury for thirteen years. On July 19, 2001, by request of the Department of Labor, Office of Workers' Compensation Program ("OWCP"), plaintiff completed and signed a form which is used to decide whether a claimant is entitled to continue receiving benefits or if there is a need to adjust the benefits. In filling out the form, plaintiff answered a question, "Were you self-employed or involved in any business enterprise in the past 15 months?," with the response, "Hell, no." If plaintiff had answered "Yes" to that question, he would have been required to fill out another

section which instructs the workers' compensation recipient to report additional information. Plaintiff was involved in other business enterprises during the preceding 15 months.

As a result of plaintiff's false statement, the Department of Labor ("DOL") investigated and determined that plaintiff had been paid approximately $62,500 in benefits to which he was not entitled.  The DOL attempted to recoup this overpayment pursuant to 5 U.S.C. § 8129, which provides that when an overpayment has been made because of an error of fact or law, an adjustment shall be made by decreasing later payments to which the individual is entitled. Adjustment or recovery may not be made when incorrect payment has been made to an individual who is "without fault."  5 U.S.C. § 8129(b).  Plaintiff unsuccessfully challenged the DOL's claim before the OWCP.  Plaintiff appealed the OWCP's decision to the Merit Systems Protection Board ("MSPB").  In October 2005, he appealed the MSPB's decision to the United States Court of Appeals for the Federal Circuit where his case is pending.

Further, in 2004, plaintiff was convicted of making a false, fictitious, and fraudulent statement as to a material fact in connection with the receipt of those workers' compensation benefits.  He was sentenced to ten months imprisonment and ordered to pay $62,508.86 in restitution to the DOL.  Plaintiff's conviction was affirmed on appeal.  *Banks v. United States,* 123 Fed. App. 246, 2005 WL 196731 (8th Cir. 2005).

Plaintiff seems to be claiming that the DOL unlawfully demanded that he repay $62,508.86 in workers' compensation benefits that the OWCP found he wrongfully obtained. He also argues he was treated unfairly in the criminal case where he was required to pay restitution in the amount of $62,508.86.  His claims of mistreatment appear to be based upon his suffering from a mental disease.

**Discussion**

Defendant moves for dismissal for failure to state a claim for relief and lack of jurisdiction.  The gist of plaintiff's response cannot be determined with any certainty.

At page three of his complaint, plaintiff makes it clear that he seeks review of the OWCP's decision to require him to repay $62,508.86.  According to 5 U.S.C. § 7703, "[a]ny employee . . . adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision."  5 U.S.C. § 7703(a)(1). Except for cases of discrimination, petitions for review are to be filed in the United States Court of Appeals for the Federal Circuit.  5 U.S.C. § 7703(b)(1).   However, when the MSPB decides a case containing a non-discrimination claim as well as a discrimination claim, the district court has jurisdiction over appeals from both types of claims.  *Mason v. Frank,* 32 F.3d 315 (8th Cir. 1994).

In October 2005, plaintiff filed a petition for review of the MSPB's decision in DA 0752040726-I-1.  *See* Def's. Mot. to Dismiss, Ex. A.  While plaintiff mentions a history of racism and slavery in the United States in both his complaint and response to the motion to dismiss, it does not appear from the pleadings that he alleged or alleges a claim of discrimination in connection with his challenge of the OWCP's decision to require him to repay benefits.  He seems to claim that the MSPB failed to consider that he suffers from mental disease and that the USPS's failure to provide that information was prejudicial.  It appear, therefore, that the Federal Court of Appeals for the Federal Circuit has jurisdiction of this case.

In *Missouri v. Prudential Healthcare Plan, Inc.,* 259 F.3d 949 (8th Cir. 2001), the State of Missouri filed a complaint in state court that defendant removed to federal court.  The district

court denied a motion to remand and eventually dismissed the case pursuant to Rule 12(b)(6). The State appealed, and then filed a new action in state court. The second action, which ameliorated the apparent defects in the initial complaint, was removed to federal court. It was stayed pending appeal of the first action. The Eighth Circuit declined to exercise its jurisdiction to hear the appeal; one reason was because the second complaint was pending in the district court.

Noting that the abstention doctrines operate when state and federal proceedings are concurrent, the court recognized the doctrines provided some guidance in the court's decision to await an appeal of the second action.

> The State's appeal concerns one of two apparently identical actions against Prudential, and is therefore duplicative. The dispute between the State and Prudential is analogous to *Serlin, Zerilli,* and *Walton* in all material respects. The sole difference between those cases and the present case is the identity of the federal forum. In *Serlin*, *Zerilli*, and *Walton*, a single district court faced two identical actions. In our case, however, one action pends before the court of appeals while the other pends in the district court. This distinction does not preclude application of the anti-duplicative-litigation principle here because there are economic and jurisprudential reasons to apply the policy against duplicative litigation both to district-district duplication and district-circuit duplication.
>
> The policy against duplicative litigation is motivated largely by economic concerns. It makes little sense to proscribe district-district duplication but not district-circuit duplication, as both forms of duplication require the unnecessary expenditure of scarce federal judicial resources.

259 F.3d 954.

A review of plaintiff's filing in the Federal Circuit shows that he has pending there the same issues he seeks to bring to this Court. To the extent the Court has jurisdiction over his claim, the Court declines to exercise its jurisdiction.

Defendant also argues that this Court has no jurisdiction to review plaintiff's challenge to

his criminal conviction and resulting judgment. Plaintiff seems to complain that the district court should not have ordered restitution in the amount of $62,508.00 and should not have ordered a psychiatric evaluation. He seeks compensatory and punitive damages. To the extent that plaintiff's complaint may be interpreted as having been brought pursuant to 42 U.S.C. § 1983, the Court finds it lacks jurisdiction to consider claims relating to plaintiff's criminal conviction. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) (to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus; a claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983).

The Court notes that in his Statement Concerning Discrimination, which is part of his petition for review in the United States Court of Appeals for the Federal Circuit, plaintiff checked the following statement as applicable to his case: "Any claim of discrimination . . . raised before and decided by the Merit Systems Protection Board . . . has been abandoned or will not be raised or continued in this or any other court." He further answered "Yes" to the statement: "Have you filed a discrimination case in a United States district court from the Board's or arbitrator's decision?" He identified his discrimination case as being the one now before this Court. Plaintiff makes a conclusory allegation of prejudice against the USPS and the DOL, but there is nothing in the complaint to support a claim of unlawful discrimination.

**Conclusion**

IT IS THEREFORE ORDERED that defendant's motion to dismiss [docket entry 21] is hereby granted. Judgment will be entered accordingly.

DATED this 12th day of May 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE